[No. 20144. In Bank. — January 22, 1886.]

THE PEOPLE, RESPONDENT, v. AH TOON, APPEL-
LANT.

CRIMINAL LAW — ASSAULT WITH INTENT TO MURDER — INFORMATION. — An
information for an assault with the intent to commit murder, which avers
that the defendant committed the assault willfully, and with malice afore-
thought, with intent to kill, need not allege that the act was done unlaw-
fully.

APPEAL from a judgment of the Superior Court of
Trinity County, and from an order refusing a new trial.

The defendant was convicted of the crime of an assault
with the intent to commit murder. The further facts
are stated in the opinion of the court.

*W. J. Tinnin*, and *Jo Hamilton*, for Appellant.

*Attorney-General Marshall*, for Respondent.

MYRICK, J. — The information in this case charges the
defendant with "the crime of assault with the intent to
commit murder, committed as follows: The said Ah Toon
. . . . did willfully, and with malice aforethought, with a
hatchet, then and there, cut one Nun Keow, with intent
to kill her the said Nun Keow.".

1. As section 187, Penal Code, defines murder to be
"the unlawful killing of a human being, with malice
aforethought," and as the defendant was accused of the
crime of an assault with intent to commit murder, it is
urged that the information should have charged the act
to have been done unlawfully; that the act may have
been done willfully, and with malice aforethought, and
yet have been justifiable. It is true, a justifiable act may
be done willfully, and it may be none the less justifiable
because willful; but we find in 2 Bouv. Law Dict. the
definition of "malice" to be, as to criminal law, "the do-
ing a wrongful act intentionally, without just cause or
excuse"; and the writer continues: "Malice is never

understood to denote general malevolence or unkindness of heart, or enmity toward a particular individual, but it signifies rather the intent from which flow any unlawful and injurious act committed without legal justification.

It is not confined to the intention of doing an injury to any particular person, but extends to an evil design, a corrupt and wicked notion against some one at the time of committing the crime."

In the light of this language, when the defendant was accused of having, with malice aforethought, with a hatchet, cut Nun Keow, with intent to kill her, it is equivalent to saying that he did the act unlawfully. If malice implies, as is above stated, the intent to do a wrongful act, it follows that the act must be unlawful, and therefore not justifiable.

We find authority for this conclusion in section 7, subdivision 4, Penal Code; also in *Maynard* v. *F. F. Ins. Co.*, 34 Cal. 48, and *People* v. *Taylor*, 36 Cal. 255, in which cases it is affirmed that "malice, in common acceptation, means ill-will against a person, but in its legal sense it means a wrongful act, done intentionally, without just cause or excuse."

We find no error in the record; the judgment and order are therefore affirmed.

McKEE, J., MORRISON, C. J., SHARPSTEIN, J., McKIN-STRY, J., ROSS, J., and THORNTON, J., concurred.