[No. 35522.  Department One  April 27, 1961.]

THE STATE OF WASHINGTON, *Respondent*, v. PAUL D. TURNER, *Appellant*.*

*Paul B. Fournier,* for appellant.

*James J. Solan* and *Jack L. Burtch,* for respondent.

FOSTER, J.—Turner appeals from convictions and sentence on five counts of first degree and one count of second degree arson.

Two claims are made. Both are without merit.

The appellant claims that a "confession" was improperly admitted in evidence. The admission, erroneously characterized as a "confession," came in the testimony of Captain Gillespie respecting a conversation with the appellant on the night he was apprehended. When appellant told Gilles-

*Reported in 361 P. (2d) 581.

pie that he did not know where he was when the fires occurred, Gillespie responded by saying that appellant could not then deny setting the fires.[1]

■ A confession is a statement by a person " ' . . . wherein he acknowledges himself to be guilty of the offense charged, and discloses the circumstances of the act, or the share and participation which he had in it.' " *State v. Royce,* 38 Wash. 111, 80 Pac. 268 (1905). The testimony noticed did not concern a confession. Consequently, we do not deal with the statutory or constitutional restrictions upon the admissibility of confessions.

Appellant claims that the evidence "failed to establish the corpus delicti in said case." It is assumed that this claim is addressed to each of the six counts.

■ In arson, "the *corpus delicti* consists of two elements: (1) that the building in question burned; and (2) that it burned as the result of the willful and criminal act of some person." Curtis, Law of Arson, 8, chapter 1, § 6; *State v. Pienick,* 46 Wash. 522, 90 Pac. 645. The evidence, although circumstantial, on each count amply supports (1) that the fire was incendiary in origin, and (2) that the appellant was present on each occassion under very suspicious circumstances.

The first fire occurred February 26, 1959, in the Simpson hotel at about three o'clock in the morning, at which time the appellant was a patron in the Riviera restaurant which directly joined the hotel lobby through a doorway. The proofs showed that he made several trips through the hotel lobby to the rest room and that, after his return on the last trip, he was in a very excited mood. Within five minutes after his return, smoke poured into the restaurant, which caused a waitress to attempt to telephone the fire department, but the appellant grabbed the telephone and reported a fire "in the back apartment of the Simpson Hotel." That

---

[1] "Q. What did you say to him? A. I told him that if he didn't know where he was, he couldn't very well deny setting the fires. Q. What did he say to that? A. Well, at one time he said: 'I will have to leave that up to you gentlemen.' That was referring to all of us, I guess, that was in the room at that time."

was the precise location of the fire, but only the appellant knew it. Subsequent investigation disclosed the fire to have been fed by an opened can of turpentine, which testimony showed to have been closed before the fire.

The other five counts involved fires all of which happened on the night of March 25, 1959, in rapid succession. Appellant and his companions went from place to place where they consumed intoxicating liquor. The appellant became intoxicated. He was in close proximity to each fire when it started. Three of the five fires occurred in men's rest rooms, and two of them were discovered shortly after the appellant had visited the rest rooms. Another fire was in a vacant room over a drug store to which anyone from the street had access. Appellant had just left his companions near the drug store before that fire started. Appellant's actions were suspicious. At the drug store fire, he approached an officer and offered to help "with the fire," at which time there was no visible evidence of fire or that one had been reported at that particular place.

■ The evidence is amply sufficient to sustain the verdict, and, consequently, it is for the jury to say whether the circumstances tending to connect the appellant with the crimes charged exclude to a moral certainty every other reasonable hypothesis than that of guilt. *State v. Lewis,* 55 Wn. (2d) 665, 349 P. (2d) 438.

The absence of motive is of no consequence:

■ (1) Motive is not an element of the crime of arson in either the first or second degree.[2] *State v. Bergman,* 171 Wash. 67, 17 P. (2d) 604; *State v. Needham,* 235 N. C. 555, 71 S. E. (2d) 29; *People v. Morganne,* 142 N. Y. S. (2d) 859; *Rippy v. Commonwealth* (Ky. App.), 251 S. W. (2d) 871; *State v. Buckingham,* 50 Del. 469, 134 A. (2d) 568; *State v. Pisano,* 107 Conn. 630, 141 Atl. 660; *Gonzalez v. People of Virgin Islands,* 109 F. (2d) 215; Curtis, Law of Arson, 361, chapter 14, § 339; 6 C. J. S. 721, 722, § 3, note 58.

(2) The court instructed that motive was not an element

---

[2]Motive was not an element of the crime of arson at common law. *Rex. v. Salmon,* 168 Eng. Rep. 665.

but that it might be considered by the jury. No exception was taken to this instruction and no error is assigned upon it and, consequently, it is the law of the case.

Affirmed.

FINLEY, C. J., WEAVER, ROSELLINI, and OTT, JJ., concur.

September 21, 1961. Petition for rehearing denied.