Argued May 23, affirmed June 18, petition for rehearing
denied July 11, 1973

# STATE OF OREGON, *Respondent, v.* RAYMOND ROBERT COLLINS (No. 19774), *Appellant.*

511 P2d 440

*Paul J. Jolma,* Clatskanie, argued the cause and filed the brief for appellant.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

FOLEY, J.

Defendant was convicted, following a jury trial, of arson in the first degree. ORS 164.325. His principal assignment of error involves the adequacy of the *Miranda*[1] warnings given to him prior to his making certain statements which were used against him at trial for impeachment purposes.

Officer Beers, a member of the Oregon State Police, had gone to Illinois to take defendant into custody and return him to Oregon for trial. While they were on an airplane en route, defendant made certain statements to Officer Beers which were incon-

[1] Miranda v. Arizona, 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966).

sistent with an alibi defense which he raised at trial. Prior to allowing the jury to hear testimony as to those statements, the trial court held an *in camera* hearing to determine whether the warnings required by *Miranda* had been given.

At the *in camera* hearing Officer Beers testified that defendant began to talk spontaneously about the charges against him. Officer Beers stated that he then "read the *Miranda*" to defendant, and that defendant stated that he understood his rights.[2] Officer Beers testified specifically that he told defendant that he could wait to discuss the matter with an attorney and that he asked whether he had an attorney. When defendant responded that he did not, Officer Beers testified that he told defendant that the court would appoint one for him if he could not afford one. Officer Beers then stated that defendant said that he would get an attorney, but that he would "just as soon" discuss the matter with Officer Beers while on the airplane.

Officer Beers further testified that he advised defendant that he did not have to make a statement if he did not want to, and that he had a right to have an attorney present during any questioning. Finally, Officer Beers testified that he specifically advised defendant that any statement could and probably would be used against him in a court of law, and that if he should choose to make any statements, he could stop at any time. Defendant responded by stating that he wished to talk about the case.

---

[2] Officer Beers' testimony included the following:

"* * * I handed him the card [Miranda rights] and he looked at them and handed it back to me and said, well you're not talking to the ordinary idiot, I understand my rights. I've been around."

Defendant's testimony at the *in camera* hearing contradicted much of Officer Beers' testimony. The trial judge apparently gave credence to Officer Beers' version of the facts, since he ruled that the warnings given complied with the standards of *Miranda* and that defendant's statements were admissible.

Thereafter, following defendant's testimony in support of an alibi defense, the state called Officer Beers as a rebuttal witness to impeach defendant's testimony with an inconsistent statement made to Beers during the airplane trip. When questioned concerning the advice which he had given defendant prior to defendant's having made the statement, Officer Beers testified to essentially the same effect as he had in the *in camera* proceeding. However, in the course of his testimony, there was the following question and answer:

"Q   Okey [sic], did you also tell him that he had a right to have a present attorney during the time that you were—an attorney present during the time you were travelling and questioning?

"A   Not in that phaseology [sic], not while we were travelling or talking. He could restrain [sic] discussing his case until he arrived, and he had indicated that he was going to ask for a court appointed attorney."

■ Defendant asserted at the trial and continues to assert on appeal that this answer indicates that Officer Beers did not inform defendant of his right to have counsel present during any questioning which might take place. The trial court rejected this interpretation, as do we. The answer appears to be merely a recognition of the obvious, that counsel could not be appointed for defendant while he and Officer Beers were en route in the aircraft. It is in no way incon-

sistent with his clear statements, both in the *in camera* hearing and before the jury, that he informed defendant of his right to remain silent, his absolute right to counsel regardless of ability to pay and his right to delay making a statement until such time as he could consult with an attorney.

■ Defendant also contends that even if an adequate showing were made in the *in camera* hearing that appropriate *Miranda* warnings were given, it is incumbent upon the state to prove this once again before the jury, and that this was not done in this case. The law in Oregon is that once the issue has been resolved by the judge *in camera,* it need not be presented to the jury for a second resolution. *State v. Keller,* 240 Or 442, 450, 402 P2d 521 (1965).

Finally, defendant assigns as error the trial court's failure to give the following instruction to the jury:

"There is a presumption to begin with that the fire was the result of accident or some providential cause rather than the result of criminal design."

■ Defendant concedes that the proposed instruction was not artfully drafted, but contends, nonetheless, that the failure to give it was error. We disagree. In the first place, it would have been incorrect as a matter of law to give the requested instruction without adding language to the effect that the presumption is rebuttable by evidence of criminal design. But beyond that, the record discloses that the trial court instructed the jury (1) as to the elements of arson in the first degree, (2) that the state was required to prove beyond a reasonable doubt that defendant started the fire in question, and (3) that defendant had the benefit of a presumption of innocence. That being so,

the proposed instruction would have been properly refused even had it been in acceptable form, since its subject matter was adequately covered by other instructions. *Cf. State v. Robinson,* 235 Or 524, 527, 385 P2d 754 (1963).

Affirmed.