[No. 1019-2. Division Two. April 23, 1974.]

THE STATE OF WASHINGTON, *Appellant*, v. RICHARD E. ZUERCHER, *Respondent*.

*Henry R. Dunn, Prosecuting Attorney,* and *C. C. Bridgewater, Jr., Deputy,* for appellant.

*Jess E. Minium, Jr.,* for respondent.

PEARSON, C.J.—The state appeals from an order in arrest of judgment on a verdict of guilty in a second-degree arson case. The principal issue presented is: Do motive, threats, and opportunity to burn, in connection with the fact of the fire, prima facie establish the corpus delicti of arson, so as to permit the admission into evidence of the defendant's

confession of the crime? We answer in the affirmative, and reverse.

In chronological order, the facts are as follows. On January 2, 1973, the defendant and his wife were divorced. The decree awarded a mobile home, in which the parties and their child had been living, to the wife. On January 4, defendant received notice of this decree. On the evening of that day, in a discussion with his former father-in-law, Mr. Rood, the defendant expressed anger about the terms of the decree and malice toward his ex-wife. On that occasion, he threatened to burn the mobile home (which was located on the Rood's property, near Woodland), and added words to the effect of "if I can't have it, she can't have it either."

Late on the night of January 5, the defendant had another discussion with Mr. Rood at a tavern in Woodland. About an hour and a half after they had separated, Mr. Rood returned home and found the mobile home burning. While the fire was in progress, the Roods received a telephone call from the defendant. In the course of this call the defendant admitted that he burned the trailer.

The defendant was arrested on January 6, 1973, on a charge of second-degree arson. After being advised of his rights, the defendant stated that he was guilty, that he was sorry that he had destroyed his child's home, and that he wanted to be punished.

The state produced this evidence in a like chronological fashion at trial. The defendant objected to the introduction of the extrajudicial admission and confession of the defendant, on the grounds that the corpus delicti had not been established. The trial court overruled this objection, the defendant's statements were admitted, and the jury returned a verdict of guilty. The trial court granted a motion in arrest of judgment on defendant's renewed assertion of the corpus delicti rule.

 The rule is clear in this state that the corpus delicti must be shown by some independent evidence before the extrajudicial confession and admissions of the defendant

may be utilized, but that when such evidence is adduced the confession may then be considered by the jury in combination with the other facts to establish the corpus delicti beyond a reasonable doubt.

A complete statement of this rule is found in *State v. Meyer*, 37 Wn.2d 759, 763-64, 226 P.2d 204 (1951):

> The confession of a person charged with the commission of a crime is not sufficient to establish the *corpus delicti*, but if there is independent proof thereof, such confession may then be considered in connection therewith and the *corpus delicti* established by a combination of the independent proof and the confession. . . .
>
> The independent evidence need not be of such a character as would establish the *corpus delicti* beyond a reasonable doubt, or even by a preponderance of the proof. It is sufficient if it *prima facie* establishes the *corpus delicti*. [Citations omitted.]

*See State v. Lung*, 70 Wn.2d 365, 423 P.2d 72 (1967).

■ The corpus delicti of the crime of arson consists of two elements: (1) that the building in question burned; and (2) that it burned as the result of the willful and criminal act of some person. *State v. Turner*, 58 Wn.2d 159, 361 P.2d 581 (1961); *State v. Pienick*, 46 Wash. 522, 90 P. 645 (1907).

■ In *State v. Pienick, supra*, and *State v. Pfeuller*, 167 Wash. 485, 9 P.2d 785 (1932), it was held that the corpus delicti of arson was not established where merely the fact of fires was shown, in connection with simple proximity of the defendants. Emphasized by the court in both cases was a complete absence of motive or threats which would add substance to the otherwise tenuous circumstances. These cases implicitly recognize that motive, including threats against the building's owner, is relevant to the question of establishing the corpus delicti. (In neither case was a confession involved.) It is likewise clear that generalized threats and expressions of ill will toward a building owner are relevant evidence on the question of the malicious origin of a fire. H. Underhill, *Criminal Evidence* § 712 (5th ed. 1957). In our opinion, direct threats to burn a given build-

ing, made reasonably close in time to the burning of that building, similarly constitute evidence of the willful or criminal origin of the fire.

In this analysis, emphasis must be placed upon the quantum of independent proof required before the confession and admissions may be considered by the jury. "Prima facie" demonstration only is required. In this case we find: ill will and anger toward the building owner as the result of a divorce action; direct threats to burn the building in question; presence of the defendant in the general area shortly before the fire was discovered; and the fire itself. In light of *State v. Pienick* and *State v. Pfeuller, supra,* this evidence is arguably sufficient to take the corpus delicti question to the jury. We hold that the evidence in any event prima facie establishes the corpus delicti, so as to permit consideration by the jury of the defendant's admission during the fire and his confession thereafter.

■ The defendant assigns error to the admission into evidence of his confession on constitutional grounds. It appears that when he spoke to his ex-wife on the telephone on the morning of the fire, it was tapped illegally by a deputy of the Cowlitz County sheriff's office. The defendant turned himself in to Clark County police shortly after this phone call.

The defendant confessed on three separate occasions: on the tapped phone to his wife, to Clark County police, and to a deputy in Cowlitz County who was unaware of the wiretap (as was the defendant). This final confession, voluntarily given after a knowing waiver, was the only one admitted into evidence. Under these circumstances, the final confession was free of any 'taint' from the illegal wiretap. *State v. Grant,* 9 Wn. App. 260, 511 P.2d 1013 (1973).

Reversed with directions to reinstate the verdict.

ARMSTRONG and PETRIE, JJ., concur.

Petition for rehearing denied May 28, 1974.

Review denied by Supreme Court July 30, 1974.