138

THE STATE OF WASHINGTON, *Respondent*, v. LEWIS GENE KINDRED, *Appellant*.

*Mullen & Angevine* and *Gilbert E. Mullen*, for appellant.

*Patrick R. McMullen, Prosecuting Attorney*, for respondent.

JOHNSON, J.*—Lewis Gene Kindred appeals from a judgment entered on a jury verdict finding him guilty of arson in the second degree. We affirm.

He contends that (1) the State did not establish the corpus delicti of arson, (2) the trial court erred in failing to instruct the jury concerning the presumption that fires are

---

*Judge Jerome M. Johnson is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

caused by accidental or natural causes rather than the deliberate act of the defendant, (3) the trial court erred in giving an aiding and abetting instruction, (4) it was error to admit evidence of unrelated crimes to show motive, and (5) he was denied a fair trial.

On March 9, 1975, a wooden motorboat owned by an Indian fisherman was damaged by fire after he had beached and chained it to a tree near the Skagit River. The boat contained two tightly capped gas cans, one full and the other partially filled with gasoline but connected to the motor.

Later that evening Kindred met his friend Duvall in Sedro Woolley and they discussed the fact that they had not been catching many fish because of the Indian fishermen. They subsequently met another friend and headed for the river in Duvall's truck to see if the Indians had put out their nets. They discussed pulling the nets, turning the Indians' boats loose or chopping a hole in one. To gain access to the river, they cut a barbed wire gate. Two nearby residents heard the approaching truck but only observed Duvall. He was told to leave and one of the neighbors called the sheriff and reported the damaged gate. The other neighbor remained and he subsequently heard three voices, the word "boat" mentioned at least twice, one person yelling at the driver to "get out of there," and then the voices disappearing toward the boat. Duvall was again observed driving the truck. He stopped and turned his lights "on and off a couple of times." The neighbors heard voices and the footsteps of two persons running toward Duvall's truck.

Moments later a deputy sheriff arrived, found Duvall alone in his truck, and noticed a fire. Duvall was arrested and it was learned that the boat was on fire. One of the gas cans in the boat had been tipped over with its lid off and the hoses disconnected from the motor. Duvall subsequently pleaded guilty to a related charge and testified at Kindred's trial.

Kindred first contends that the State did not sustain

its burden of proving the corpus delicti of arson. In *State v. Zuercher*, 11 Wn. App. 91, 93, 521 P.2d 1184 (1974), we stated:

> The corpus delicti of the crime of arson consists of two elements: (1) that the building in question burned; and (2) that it burned as the result of the willful and criminal act of some person.

*See State v. Turner*, 58 Wn.2d 159, 361 P.2d 581 (1961). Kindred concedes that the proof of the burning satisfied the first element of the corpus delicti but contends that the State failed to prove the second element, the criminal origin of the fire. He contends that the evidence merely placed him in the vicinity of the fire and that in the absence of both an eyewitness to the starting of the fire or an expert as to its origin, insufficient evidence was presented to sustain the conviction. We disagree.

The State presented substantial evidence from which the jury could infer that three individuals were heard near the burned boat. One of the gas cans in the boat had been turned upside down with its lid off and disconnected from the motor. Because of the hostility with the Indian fishermen, there was a motive for the fire. Motive is relevant to establish the corpus delicti of arson. *State v. Zuercher, supra.* The record here satisfies us that there was sufficient proof of the corpus delicti to submit the question to the jury.

Error is next assigned to the trial court's refusal to instruct the jury on the presumption that the fire resulted from natural or accidental causes:

> You are instructed that there is a presumption in law that the fire in this case was caused by accident or natural causes rather than by a deliberate act of the Defendant. Proof of the single fact that a motorboat has been burned is not enough to prove the crime of Arson since it must also be proven that it was burned by the wilful act of some person criminally responsible and not as a result of natural or accidental causes.

This instruction should be given if the defendant contests the issue of the cause of the fire *and* there is substantial

evidence that the fire was of accidental or natural causes. *State v. Smith*, 142 Wash. 57, 252 P. 530 (1927); *State v. Williams*, 9 Wn. App. 663, 513 P.2d 1045 (1973), *rev'd on other grounds*, 84 Wn.2d 853, 529 P.2d 1088 (1975). *See also State v. Zamora*, 6 Wn. App. 130, 491 P.2d 1342 (1971). Although the record indicates that Kindred contested the issue of the cause of the fire, there is no evidence that the fire was accidentally or naturally caused. Accordingly, the trial court properly refused the proposed instruction.

█ Moreover, the test of the sufficiency of the instructions is whether when considered as a whole counsel may satisfactorily argue his theory of the case to the jury. *State v. Dana*, 73 Wn.2d 533, 439 P.2d 403 (1968); *State v. Alexander*, 7 Wn. App. 329, 499 P.2d 263 (1972); *State v. Nettles*, 6 Wn. App. 257, 492 P.2d 567, *aff'd*, 81 Wn.2d 205, 500 P.2d 752 (1972). Here, the jury was instructed (1) on the elements of the crime of arson, (2) that the State had the burden of proving these elements beyond a reasonable doubt, and (3) on the presumption of innocence. These instructions sufficiently allowed Kindred to argue his theory of the case to the jury and, accordingly, the trial court did not abuse its discretion in refusing the proposed instruction. *See Borza v. State*, 25 Md. App. 391, 335 A.2d 142 (1975); *State v. Collins*, 13 Ore. App. 614, 511 P.2d 440 (1973).

Kindred further contends that the trial court improperly instructed the jury that he could be found guilty if he aided or abetted others in committing the crime. RCW 9.01.030. We disagree. The aiding and abetting instruction did not allow the jurors to speculate as to the existence of codefendants. Kindred was given sufficient notice that three persons were implicated in the arson and he has advanced no ground of surprise or prejudice. *See State v. Carothers*, 84 Wn.2d 256, 525 P.2d 731 (1974); *State v. Frazier*, 76 Wn.2d 373, 456 P.2d 352 (1969). The State presented evidence from which the jury could find that either Kindred or a friend started the fire with the other being guilty as an aider or abettor. The instruction was proper under the facts.

Kindred further contends that he was prejudiced by the court's failure to exclude evidence, which was admitted during the direct examination of the victim, of the prior criminal acts of persons other than the defendant.

Q During that time has there been any problems in relation to the Indian fishing as opposed to any other parties fishing?

A Yes, we have lost about five others.

MR. MULLEN [defense counsel]: Objection.

MR. McMULLEN [prosecutor]: Your Honor, we intend to show the motive, the reason why these fellows—

MR. MULLEN: Mr. McMullen knows the law is clear in Washington that motive is not an element of either degree of arson. Again, we are getting back into the business of stirring up the water about Indian net fishermen and steelhead fishermen. Why doesn't he direct the case at the issues?

THE COURT: The objection would be overruled. You may answer.

A Well, we have lost about four boats, and that is not counting the red one, in about five or six nights since we have been fishing.

Although under *State v. Zuercher, supra,* motive is relevant, we agree that this testimony was not probative of Kindred's motives. However, in examining the record as a whole, we do not find that the admission of this evidence was so prejudicial as to deny Kindred a fair trial. *See State v. Mack,* 80 Wn.2d 19, 490 P.2d 1303 (1971); *State v. Baker,* 4 Wn. App. 121, 480 P.2d 778 (1971).

Kindred also claims that he was denied a fair trial by the prosecutor's conduct during voir dire and closing argument. We have carefully examined the record and we do not agree that the prosecutor's conduct constituted reversible error. *State v. Young,* 87 Wn.2d 129, 550 P.2d 1 (1976); *State v. Jefferson,* 11 Wn. App. 566, 524 P.2d 248 (1974).

Kindred also alleges that the trial judge was prejudiced concerning the outcome of the trial. He bases this assignment of error on an editorial and a newspaper article written after the trial which quotes the trial judge as commenting on the necessity of a case such as this to relieve a tense

situation in the community. The State, however, disputes the accuracy of the article. Even if we were to accept the accuracy of the article, the record indicates that the trial court conducted a fair trial. Furthermore, the imposition of a 2-year deferred sentence conditioned on payment of costs and 90 days in jail with credit for time served suggests no unfairness.

Finally, Kindred complains that he was denied a fair trial because of the accumulation of errors as well as the electrified atmosphere during trial. The record, however, reveals no pretrial motion for a change of venue. Nor does the record otherwise persuade us that Kindred was denied a fair trial.

Affirmed.

FARRIS and SWANSON, JJ., concur.

Petition for rehearing denied March 29, 1977.

Review denied by Supreme Court September 29, 1977.