[No. 2393-2.   Division Two.   March 8, 1977.]

THE STATE OF WASHINGTON, *Respondent*, v. RINEHART H. NELSON, *Appellant*.

John L. Farra, for appellant.

Curtis Janhunen, Prosecuting Attorney, and David L. Edwards, Deputy, for respondent.

REED J.—Michael Bens had been reading in bed at about 2 a.m. on January 5, 1976, when he noticed a smell of smoke in his Aberdeen home. After a short search, he came upon the defendant, Rinehart Nelson, standing in the backyard near the entrance to a crawl space under the house, holding a book of matches in his hand. Subsequent investigation revealed flammable material, smoke, charred areas, and one burnt match under the house in the near vicinity of the crawl space entrance. The match was identical to those discovered on the person of the defendant. Nelson was arrested shortly thereafter and charged with first–degree arson.

At Nelson's subsequent trial, his attorney repeatedly attempted to present evidence which would indicate his state of intoxication at the time of the incident. The majority of this evidence was disallowed by the trial judge, who felt that it was not relevant where the crime charged did not require proof that the defendant had to have formed a specific intent. The jury found defendant guilty

and he appeals from judgment and sentence entered thereon.

In his appeal, defendant assigns two bases for error. First, he argues that evidence which was relevant to his mental condition should have been admitted for consideration by the jury, and that the jury should have received an instruction regarding the possible effect of alcohol upon his capacity to form the requisite malicious intent. Second, he challenges the statute under which he was charged, maintaining that his activity gave the prosecutor discretion to charge either a felony or a misdemeanor for the same conduct.

The crime of first–degree arson requires a showing that the defendant acted willfully and maliciously:

> Every person who shall wilfully and maliciously—
> (1) Burn or set on fire in the nighttime the dwelling house of another, or any building in which there shall be at the time a human being; or
> (2) Set any fire manifestly dangerous to any human life, shall be guilty of arson in the first degree and be punished by imprisonment in the state penitentiary for not less than five years.

RCW 9.09.010.[1] Nelson argues that he had the right to place before the jury evidence tending to show that he lacked the capacity to form the requisite willful or malicious intent. He asserts that former RCW 9.01.010(3)[2] requires a showing of specific intent which may be rebutted. That statute reads as follows:

> (3) "Malice" and "maliciously" shall import an evil intent, wish or design to vex, annoy or injure another person. Malice may be inferred from an act done in wilful disregard of the rights of another, or an act wrongfully done without just cause or excuse, or an act or omission of duty betraying a wilful disregard of social duty.

---

[1] RCW 9.09.010 was repealed by RCW 9A.48.020, Laws of 1975, 1st Ex. Sess., ch. 260.

[2] RCW 9.01.010(3) was reenacted as RCW 9A.04.110(2), Laws of 1975, 1st Ex. Sess., ch. 260.

He further argues that former RCW 9.01.114[3] entitled him to have the issue of his intoxication placed before the jury for their consideration in determining whether he was capable of forming the necessary purpose or intent:

No act committed by a person while in a state of voluntary intoxication shall be deemed less criminal by reason of his condition, but whenever the actual existence of any particular purpose, motive or intent is a necessary element to constitute a particular species or degree of crime, the fact of his intoxication may be taken into consideration in determining such purpose, motive or intent.

■ ■ The corpus delicti of the crime of arson consists of two elements: (1) that the building in question burned; and (2) that it burned as a result of the willful and criminal act of some person. *State v. Turner,* 58 Wn.2d 159, 361 P.2d 581 (1961); *State v. Pienick,* 46 Wash. 522, 90 P. 645 (1907); *State v. Zuercher,* 11 Wn. App. 91, 521 P.2d 1184 (1974). At common law, specific intent to burn a particular thing or to injure a particular person was unnecessary, it being sufficient to show that there was a general malice or intent to burn some structure. 6A C.J.S. *Arson* § 6 (1975); 2 R. Anderson, *Wharton's Criminal Law and Procedure—Arson* § 390 (1957); R. Perkins, *Criminal Law* § 2A, at 173–76 (1957). Motive is not an element of the crime of arson in either the first– or second–degree. *State v. Turner, supra.* The first issue, then, is whether RCW 9.01.010(3), which defines "malice" and "maliciously," necessitates a showing of specific intent over and above a general criminal intent (mens rea) as a requisite element of the crime of first–degree arson.

In *State v. Spino,* 61 Wn.2d 246, 377 P.2d 868 (1963), the constitutionality of former RCW 9.09.020,[4] which then defined second–degree arson, was successfully challenged on the ground that the element of intent could be satisfied by showing only that a fire was set willfully. The court struck down the statute, finding that this would permit criminal

---

[3]RCW 9.01.114 was reenacted as RCW 9A.16.090, Laws of 1975, 1st Ex. Sess., ch. 260.

[4]RCW 9.09.020 was repealed by RCW 9A.48.030, Laws of 1975, 1st Ex. Sess., ch. 260.

prosecution of one who intentionally but innocently sets fire to his own property for the purpose of destroying it while having no desire or intention to defraud anyone, or one who sets any other beneficial fire, if the thing burned is the property of some other person. Omission of the word "maliciously" made it unnecessary to charge and prove that a fire was harmful or intended to be harmful. When the arson statutes were revised by the legislature (1963), this pitfall was avoided by including a requirement that the burning be both willful and malicious to constitute arson.[5]

Defendant contends that "maliciously," as defined by the legislature, involves specific intent. We disagree. The ruling in *Spino* necessitated a redefinition of the arson statutes. As redefined, "maliciously" denotes only that general criminal intent which is a necessary element of all crimes involving moral turpitude.

> Although the legislature and the state's political subdivisions under the police power may in some circumstances declare certain acts, conduct or omissions criminal without regard to the intent or knowledge of the actor, guilty knowledge will be deemed an essential ingredient if the defined crimes involve moral turpitude.

*State v. Turner,* 78 Wn.2d 276, 280, 474 P.2d 91, 41 A.L.R.3d 493 (1970).

Our holding that "malice" refers only to a general criminal intent is supported by similar rulings in other jurisdictions in which the issue has been raised. In California, the statutory definition of malice is nearly identical to former RCW 9.01.010(3). In construing the use of that term in the arson statute, in *People v. Andrews,* 234 Cal. App. 2d 69, 74, 44 Cal. Rptr. 94, 98 (1965), the court stated:

---

[5]Section 823 of the Territorial code, as amended by session laws of 1885–1886, page 77, in defining the crime of arson, required the fire be set both willfully and maliciously. The legislature dropped the malice requirement when it reenacted the arson statutes in 1895, and subsequent reenactments omitted the requirement of malice until 1963. *See McClaine v. Territory,* 1 Wash. 345, 25 P. 453 (1890).

It is true that the statutory definition of arson . . . requires that the act of setting fire to or burning be done maliciously. The word "malice" imports "a wish to vex, annoy, or injure another person, or an intent to do a wrongful act, . . ." (Pen. Code, § 7, subd. 4.) When related to the crime of arson, the word "malice" denotes nothing more than a deliberate and intentional firing of a building, or other defined structure, as contrasted with an accidental or unintentional ignition thereof; in short, a fire of incendiary origin.

(Footnote omitted.) *See also State v. White,* 288 N.C. 44, 215 S.E.2d 557 (1975); *State v. Dunn,* 199 N.W.2d 104 (Iowa 1972); *Commonwealth v. Lamothe,* 343 Mass. 417, 179 N.E.2d 245 (1961). In *People v. Nance,* 25 Cal. App. 3d 925, 930, 102 Cal. Rptr. 266, 270 (1972), after quoting the above language from *Andrews,* the California Court of Appeals concludes: "that the crime of arson does not require a specific mental state which would permit assertion of the defense of diminished capacity."

*People v. Woods,* 157 Cal. App. 2d 617, 321 P.2d 477, 481 (1958) was a prosecution for willful and malicious burning of personal property. Defendant Woods attempted to interpose proof of voluntary intoxication to negative existence of specific intent, relying upon a California statute reading substantially as does our former RCW 9.01.114. In affirming the trial court's exclusion of such evidence, the court said at page 622:

In Burdick, Law of Crime; volume 3, it is said at page 7: "The words 'wilfully and maliciously' import the state of mind which, at common law, is a necessary element of arson, but they do not import any specific intent to destroy or burn a particular building, and, at common law, no such specific intent is required, nor any grudge or personal ill will towards the owner of the property. The general criminal intent to burn some building, or general malice, regardless of any specific intent, is all that is required." Voluntary intoxication would not be a defense to the charge herein.

We think the proposition is perhaps most clearly stated by W. LaFave & A. Scott, *Handbook on Criminal Law* § 45, at 343–44 (1972):

> It is sometimes stated that intoxication can negative a "specific intent" which the crime in question may require (meaning some intent in addition to the intent to do the physical act which the crime requires), but it cannot negative a crime's "general intent" (meaning an intent to do the physical act—or, perhaps, recklessly doing the physical act—which the crime requires).

(Footnotes omitted.) *See also* 55 Colum. L. Rev. 1210 (1955); 57 Harv. L. Rev. 1045, 1061 (1944); *Voluntary Intoxication—Defense,* Annot., 8 A.L.R.3d 1236 (1966).

Neither do we believe that the use of the term "willful" in the first–degree arson statute was meant to require a showing of specific intent. Rather, it refers to the fact that a fire must be set intentionally or by design, rather than accidentally or negligently. A willful act is one done intentionally, not accidentally; *State v. Evans,* 32 Wn.2d 278, 201 P.2d 513 (1949); *State v. Rodrigues,* 21 Wn.2d 667, 152 P.2d 970 (1944). Where specific intent is not an element of proof, evidence of diminished mental capacity cannot constitute a defense to the crime. *See State v. Ferrick,* 81 Wn.2d 942, 506 P.2d 860 (1973); *State v. Brantley,* 11 Wn. App. 716, 525 P.2d 813 (1974). There was no error in the exclusion of testimony bearing on defendant's state of intoxication, and the court's refusal to instruct the jury thereon was not error.

We think our holding that the crime of arson involves no element of "specific intent" comports with the legislative intent which inspired reinsertion in 1963 of the term "maliciously" in the arson statutes. At the same time such an interpretation is consistent with *State v. Spino, supra,* in that it protects from prosecution and conviction persons who set fires for innocent or beneficial purposes.

█ We find no merit in defendant's second assignment of error in which he argues the prosecutor had impermissible discretion to charge the lesser crimes of either

(1) kindling fire with intent to injure another's property (RCW 9.40.060) or (2) maliciously setting fire or permitting spread thereof (RCW 9.40.050), both of which are gross misdemeanors. *State v. Zornes,* 78 Wn.2d 9, 475 P.2d 109 (1970). The argument borders on the frivolous because the arson statute punishes conduct that injures or threatens to injure human life, while the other statutes proscribe conduct that injures or endangers property. When two statutes are unlike in purpose and elements of proof, the discretion of the prosecutor is not unbridled, and a decision to prosecute is not a denial of the constitutional right of equal protection of the laws. *State v. Devine,* 84 Wn.2d 467, 527 P.2d 72 (1974); *State v. Hodge,* 11 Wn. App. 323, 523 P.2d 953 (1974).

Judgment affirmed.

PETRIE, C.J., and PEARSON, J., concur.

Petition for rehearing denied March 23, 1977.

Review denied by Supreme Court September 29, 1977.