[No. 36139.    En Banc.    January 17, 1963.]

THE STATE OF WASHINGTON, *Appellant,* v. WILLIAM
VAN PELT SPINO, *Respondent.**

*Reported in 377 P. (2d) 868.

*James J. Solan* and *L. Edward Brown,* for appellant.

*Manley & Kirkwood,* for respondent.

ROSELLINI, J.—In this action an attack is made upon the constitutionality of RCW 9.09.020, defining arson in the second degree. This statute provides:

"Every person who, under circumstances not amounting to arson in the first degree, shall wilfully burn or set on fire any building, or any structure or erection appurtenant to or adjoining any building, or any wharf, dock, threshing machine, threshing engine, automobile or other motor vehicle, motorboat, steamboat, sailboat, aircraft, bridge or trestle, or any hay, grain, crop or timber, whether cut or standing, or any lumber, shingle or other timber products, or other property, shall be guilty of arson in the second degree, and shall be punished by imprisonment in the state penitentiary for not more than ten years, or by a fine of not more than five thousand dollars, or by both."

The trial court sustained the respondent in his contention that the act constitutes an arbitrary and unreasonable exercise of the police power, because it makes possible the punishment of acts which have no reasonable relation to the harm which the legislation was intended to prevent.

The state concedes that if the act permits the prosecution of any person who sets a fire, regardless of whether that fire is intended or naturally tends to injure or defraud another, it is an arbitrary exercise of the police power. But it is the position of the state that the act should be construed to apply only to persons who set fires maliciously, that is, with the intent to injure or defraud. It is the theory of the state that the provisions of the common law should be read into the act, and at common law, malice was an element of the crime of arson.

RCW 9.01.150 provides:

"The provisions of the common law relating to the commission of crime and the punishment thereof, insofar as not inconsistent with the institutions and statutes of this state, shall supplement all penal statutes of this state and all

persons offending against the same shall be tried in the superior courts of this state."

It would seem that this statute has reference to common law crimes which have not been codified or abrogated, in view of the provision that "all persons offending against the same shall be tried in the superior courts of this state." If its purpose were that for which the state argues—to add to a statutory crime any element which existed at common law but was omitted by the legislature—it would greatly curtail the power of the legislature to change the common law.

Be that as it may, the section cannot apply in this instance, for there was no common law crime of second-degree arson. At common law, arson is the malicious and wilful burning of the house or outhouse of another man. 6 C. J. S. 718, § 1. The offense was against the security of habitation and had reference to the possession rather than the property itself. The burning of one's own property, while in possession thereof, would not constitute arson. In short, there was no common law crime to which we can look to supply a missing element in the crime as defined by the statute before us, assuming it would be proper to do so had there been such a crime at common law.

It is also urged that the rules of statutory construction, applicable where the language is ambiguous, should be applied; and that under these rules, the statute must be construed to require proof of malice, in order to avoid an absurd and intolerable result.

RCW 9.01.010 defines malice as follows:

"  .  .  .

"(3) 'Malice' and 'maliciously' shall import an evil intent, wish or design to vex, annoy or injure another person. .  .  ."

It will be noted that RCW 9.09.020 omits the word "malice," makes no reference to the "property of another" and is silent as to the intent to defraud or vex another. It uses only the word wilful.

When the trial court was asked to construe the statute as

requiring proof of malice, it said: "This would put the Courts into the position of defining a crime in place of the Legislature which has attempted to do so."

The learned trial judge further observed in regard to the statute:

"When we come to the Second Degree Arson statute, if 'wilfully' is given its ordinary meaning of 'intentionally,' then it is a crime to 'intentionally burn any property.'

"A vindictive prosecutor could charge with second degree arson a man who intentionally set fire to an old shed, his own property, having no intention of hurting anyone, or of defrauding anyone, or gaining any advantage or benefit over someone else. Technically he would be guilty of second degree arson. While he probably would not be convicted because our inherent sense of justice would prevent it, he could be put to the expense of defending himself. If so read, the statute is unconstitutional as violative of due process of law in that it permits an arbitrary exercise of the powers of government. The exercise of the police power must bear some reasonable relation to the common good, and if it does not, it assails the fundamental rights of a citizen relative to the use of his property."

■■■ We agree with the trial judge. The second-degree arson statute makes punishable every person who wilfully sets a fire to any kind of property if his act does not amount to arson in the first degree. The term "wilfully" is not ambiguous. As used in criminal statutes, it means intentionally and designedly. *State v. Vanderveer*, 115 Wash. 184, 196 Pac. 650. A wilful act may be a malicious act, but it is not necessarily so.

■■■ The rules of statutory construction can be used only to ascertain the meaning of a statute and not to modify it. Especially when a statute enters a field unoccupied by the common law, that law, except for its general principles of construction, rarely aids in determining the scope, effect and application of the statute. *State v. Williams,* 92 N. H. 377, 31 A. (2d) 369, 82 C. J. S. 797, § 363.

If the legislature intended that the second-degree arson statute should apply only to fires which are set with the intent to injure or defraud, it failed to embody that intention

in the language of the statute. Under the statute as it is worded, an indictment can be framed and a conviction obtained against one who innocently sets fire to his own property which is worthless, or which he deems worthless, for the sole purpose of disposing of it, or against one who sets any other beneficial fire, if the thing burned is the property of any person. There is no necessity to charge and prove that the fire was harmful or was intended to be harmful.

■■  The rule is that, to justify any law upon the theory that it constitutes a reasonable and proper exercise of the police power, it must be reasonably necessary in the interest of the health, safety, morals, or welfare of the people. This exercise of police power must pass the judicial test of reasonableness. *Remington Arms Co. v. Skaggs*, 55 Wn. (2d) 1, 345 P. (2d) 1085. Legislatures may not, under the guise of the police power, impose restrictions that are unnecessary and unreasonable upon the use of private property or the pursuit of useful activities. *Washington ex rel. Seattle Title Trust Co. v. Roberge*, 278 U. S. 116, 73 L. Ed. 210, 49 S. Ct. 50, 86 A. L. R. 654 (quoted with approval in *Hauser v. Arness*, 44 Wn. (2d) 358, 267 P. (2d) 691).

■  No conceivable public purpose can be served by the prosecution and punishment of those who set fires for innocent and beneficial purposes.

We hold that RCW 9.09.020 is invalid, in that it constitutes an arbitrary and unreasonable exercise of the police power.

The judgment is affirmed.

OTT, C. J., HILL, DONWORTH, FINLEY, WEAVER, HUNTER, and HAMILTON, JJ., concur.