94

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CHARLES O. WICK, Defendant-Appellant.

Second District No. 82—511

Opinion filed January 19, 1984.—Rehearing denied February 15, 1984.

William R. Beu, of Rockford, for appellant.

Phyllis J. Perko and Sally A. Swiss, both of State's Attorneys Appellate Service Commission, of Elgin, for the People.

JUSTICE NASH delivered the opinion of the court:

After trial by jury defendant, Charles O. Wick, was convicted of aggravated arson (Ill. Rev. Stat. 1981, ch. 38, par. 20—1.1(a)(3)), a Class X felony, and was sentenced to a six-year term of imprisonment. He appeals contending, *inter alia,* that the aggravated arson statute violates due process guaranteed by article I, section 2 of the Illinois Constitution of 1970 as an unreasonable exercise of the State's police power.

Defendant was charged by an amended information with committing the offense of aggravated arson in that he "by means of fire knowingly damaged a building of Meuret/Sechler Insurance Company,

being a tavern located at RR, Byron, Ogle County, Illinois, when the defendant should have known that Chris Millard a fireman who was present at the scene acting in the line of duty was injured as a result of the fire." Ill. Rev. Stat. 1981, ch. 38, par. 20—1.1(a)(3).

As relevant to this issue, evidence was offered in trial that defendant was the owner and operator of Charlie O's, a supper club and tavern located in Ogle County. On October 29, 1980, at 1:30 a.m., a fire was reported at the tavern to which the Byron Fire Department responded. Fire Lieutenants Millard and Hogan went upon the roof of the building to ventilate it, and while doing so Lieutenant Millard inhaled smoke. Although Lieutenant Hogan was wearing an air pack to protect himself from smoke, as were many of the other firemen at the scene, Lieutenant Millard did not do so as he considered it to be too heavy, creating a risk of falling through a roof. As a result of the smoke inhalation, Lieutenant Millard regurgitated and felt a burning sensation in his throat. He was treated with oxygen and salt water and had the burning sensation and a cough for one week.

Other evidence was offered that no one was on the premises when the firemen arrived and the building was locked. Defendant arrived at the scene at 2:20 a.m. and stated he had locked up and left the premises at 1:10 a.m. He signed a release form permitting investigation of the cause of the fire which disclosed there were four separate points of fire origin in the building and some evidence an accelerant had been used. Defendant denied having any knowledge of the cause of the fire.

On submission to the jury it was instructed, *inter alia,*

"A person commits the offense of Aggravated Arson, when by means of fire he knowingly damages, partially or totally, any building and a fireman who is present at the scene acting in the line of duty is injured as a result of the fire."

The issues presented to the jury to sustain the charge of aggravated arson were as follows:

"First: That the defendant, by means of fire, knowingly damaged, partially or totally, any building; and

Second: That Chris Millard, a fireman who was present at the scene acting in the line of duty, was injured as a result of the fire."

In Illinois, arson is regulated by section 20—1 of the Criminal Code of 1961, which provides:

"A person commits arson when, by means of fire or explosive, he knowingly:

(a) Damages any real property, or any personal property

having a value of $150 or more, of another without his consent; or

(b) With intent to defraud an insurer, damages any property or any personal property having a value of $150 or more.

Property 'of another' means a building or other property, whether real or personal, in which a person other than the offender has an interest which the offender has no authority to defeat or impair, even though the offender may also have an interest in the building or property.

(c) Sentence. Arson is a Class 2 felony." (Ill. Rev. Stat. 1981, ch. 38, par. 20.1.)

Aggravated arson is set forth in section 20—1.1 of the Criminal Code of 1961 as follows:

"(a) A person commits aggravated arson when by means of fire or explosive he knowingly damages, partially or totally, any building or structure, including any adjacent building or structure, and (1) he knows or reasonably should know that one or more persons are present therein or (2) any person suffers great bodily harm, or permanent disability or disfigurement as a result of the fire or explosion or (3) a fireman or policeman who is present at the scene acting in the line of duty, is injured as a result of the fire or explosion.

(b) Sentence. Aggravated arson is a Class X felony." (Ill. Rev. Stat. 1981, ch. 38, par. 20—1.1.)

As charged in the present case, the aggravated arson statute is violated when a person by means of fire knowingly damages any building or structure (section (a)), and a fireman at the scene in the line of duty is injured as a result of the fire (subsection (3)). We do not consider in this case the validity of the statute as it relates to section (a) when combined with subsections (1) or (2).

Defendant notes arson is committed when a person by means of fire knowingly damages real or personal property of another, either without the consent of an owner or with intent to defraud an insurer. Aggravated arson, however, occurs whenever any building or structure is knowingly damaged by fire, without regard to its ownership or whether there is an intent to defraud if, as charged in the present case, a fireman is injured at the scene while acting in the line of duty. Defendant suggests the only apparent purpose for this exercise of the police powers is to protect the health and safety of firemen who may be injured while fighting a fire. He contends the statute, which subjects a person having no culpable motive in burning a building or other structure to Class X penalties, is not reasonably designed to ef-

fect the purpose intended by the legislature. Defendant offers, hypothetically, an example wherein the owner of a structure located remotely on his own property wishes to destroy it and who notifies the fire department requesting the firemen not to put out the fire; the owner would be guilty of aggravated arson should a fireman be even slightly injured if he persists in fighting the fire.

The State agrees with defendant's understanding of the legislative purpose in enacting the statute, arguing it encompasses a legitimate and reasonable public purpose to deter people from the burning of buildings or other structures because of the general hazard implicit therein should it burn out of control or should a fireman be injured. It asserts the legislature has by this statute sought to encourage people to seek professional help in destroying buildings or structures, rather than doing it themselves.

When considering whether a statute violates due process in exercising the police powers of the State the standard is "whether the statute is reasonably designed to remedy the evils which the legislature has determined to be a threat to the public health, safety and general welfare." (*Heimgaertner v. Benjamin Electric Manufacturing Co.* (1955), 6 Ill. 2d 152, 159, 128 N.E.2d 691.) The due process clauses of the Federal and State constitutions limit only the unreasonable or arbitrary exercise of the police power. (*Illinois Gamefowl Breeders Association v. Block* (1979), 75 Ill. 2d 443, 453, 389 N.E.2d 529.) To constitute a legitimate exercise of the police power, the legislation in question must bear a reasonable relationship to the public interest sought to be protected and the means adopted must constitute a reasonable method of accomplishing the intended objective. *Finish Line Express, Inc. v. City of Chicago* (1978), 72 Ill. 2d 131, 138, 379 N.E.2d 290; *Illinois Gamefowl Breeders Association v. Block* (1979), 75 Ill. 2d 443, 389 N.E.2d 529.

■ We consider the title of the offense of aggravated arson to be somewhat an anomaly as, in the aspect which is considered here, it has little relationship to arson. Arson has traditionally required proof of an unlawful purpose on the part of a defendant who has burned property; either that it be owned, at least in part, by another who has not consented to the burning, or that the burning was done with intent to defraud an insurer of the property. Aggravated arson, however, requires only that a person have knowingly caused any building or structure to be damaged by fire and that a fireman is injured at the scene. Arson is not a lesser included offense of aggravated arson, and one does not have to be guilty of committing the lesser Class 2 offense of arson in order to be convicted of the more serious Class X

offense of aggravated arson.

The Illinois courts have not addressed the constitutionality of the aggravated arson statute and we look to other jurisdictions. In *State v. Spino* (1963), 61 Wash. 2d 246, 377 P.2d 868, the court held unconstitutional that State's second degree arson statute as an arbitrary and unreasonable exercise of the police power. That offense was essentially defined as the wilful burning of property "under circumstances not amounting to arson in the first degree." (*State v. Spino* (1963), 61 Wash. 2d 246, 247, 377 P.2d 868, 869.) The court noted that the term wilful means intentionally or designedly and that there was no requirement in the statute the burning be done either with malice, to the property of another or with intent to defraud. The Washington Supreme Court found a person could be convicted of burning his own worthless property, or for any other beneficial fire, without proof the fire was harmful or so intended. The court concluded the statute imposed unreasonable and unnecessary restrictions upon the use of private property and the pursuit of lawful activities, thus violating due process. Again, in *State v. Dennis* (1969), 80 N.M. 262, 263, 454 P.2d 276, 277, the reviewing court considered a statute which defined arson as "the intentional damaging by any explosive substance or setting fire to any *** structure" and found it to be constitutionally invalid as an unreasonable exercise of the police power. The New Mexico court noted that aggravated arson in that State differed from arson only in that it required the damaging of property be wilful or malicious and cause great bodily harm.

These Washington and New Mexico statutes were similar to the Illinois aggravated arson provision in that the latter also does not require a criminal intent on the part of a defendant, and the Illinois statute differs as it additionally requires proof that a fireman or policeman was injured. We must then consider whether the legislative object of preventing injury to police or fire officers has been reasonably met within constitutional limitations.

If the legislature intended, as urged by the State, by this means to discourage the burning of buildings or structures in order to protect the public generally from the hazard of fire, it more likely would have provided that injury to *any* person as a result of the burning constituted aggravated arson. Subsection (2) of the statute does so provide where any person receives great bodily harm as a result. The protections of subsection (3), however, are directed solely to fires causing injury to fire or police officers. They must, and regularly do, respond to the scene of fires in the performance of their duties and are more likely than are other members of the public to be exposed to

those hazards. While the objective is laudable, we do not consider the statute to be a constitutionally reasonable means to attain it.

The proscriptions of the statute and its severe penalty are directed equally to the innocent as well as to the culpable. A farmer who wishes to destroy an old shed by fire; a home owner who in renovating his house burns off old paint; a fire chief who conducts a practice burning of a structure for training purposes; or, a demolition expert who breaks apart a useless building by explosives would all be guilty of aggravated arson if a fireman or policeman were even slightly injured at the scene. As noted, in *State v. Spino* "[n]o conceivable public purpose can be served by the prosecution and punishment of those who set fires for innocent and beneficial purposes." (*State v. Spino* (1963), 61 Wash. 2d 246, 250, 377 P.2d 868, 870-71; compare *People v. One 1979 Pontiac Grand Prix Automobile* (1982), 89 Ill. 2d 506, 511-12, 433 N.E.2d 1301; *Brennan v. Illinois Racing Board* (1969), 42 Ill. 2d 352, 358, 247 N.E.2d 881; *Heimgaertner v. Benjamin Electric Manufacturing Co.* (1955), 6 Ill. 2d 152, 159-62, 128 N.E.2d 691.) Fire and police officers will be at the scene of a fire regardless of whether it was started by an arsonist or a person having no culpable motive. Making an arsonist subject to more severe penalties for the offense should fire or police officers be injured would be more understandable, and that may well have been the intention of the legislature when it considered adoption of the new offense of aggravated arson.

█ We have concluded that the aggravated arson statute, as charged against defendant, is an unreasonable and arbitrary means of achieving the object sought of protecting fire and police officers from injury. It is unlikely that persons who may innocently burn a building or a structure, believing they are acting within their rights to do so, could be aware they subject themselves to Class X penalties if, as a result, an officer is injured, and it is thus questionable whether this provision gives any further protection to the officers.

In view of our disposition of this issue we need not consider other matters asserted as error by defendant.

Accordingly, the judgment of the circuit court must be reversed.

Reversed.

SEIDENFELD, P.J., and LINDBERG, J., concur.