938 P.2d 1237

William **ROELL**, Plaintiff–Appellant,

v.

**BOISE CITY, a Municipal Corporation, Scott Brown, an employee of Boise City, and John and Jane Does I–XV, Defendants–Respondents.**

No. 23002.

Supreme Court of Idaho,
Boise, February 1997 Term.

June 9, 1997.

Harold Q. Noack, Jr., Boise, for plaintiff-appellant.

Margery W. Smith, Boise, for defendants–respondents.

TROUT, Chief Justice.

## I.

## BACKGROUND AND PRIOR PROCEEDINGS

William Roell (Roell) owns two lots in Boise, one of which is an open lot located at 414 S. Garden and the other an improved lot at 419 S. Garden. Apparently, Roell spends most of the year in California and the remainder at the house on S. Garden. In 1991, Boise City (City) representatives first cited Roell for violations of various provisions of the Boise City Code, including the zoning code, the housing code, and the litter ordinance. Specifically, the City cited Roell for maintaining outdoor storage, maintaining an automobile wrecking yard, maintaining a junk yard, violating the litter ordinance,

parking on unimproved surfaces, and allowing three or more horses on residential property.[1] Roell did nothing. Throughout the following two years, City representatives visited the property at 419 S. Garden more than twenty times, leaving notices of violation and speaking at various times with Roell, Roell's son, and Roell's co-owner. The City additionally obtained Roell's California address and sent notices of the violations to Roell at that address. Roell steadfastly refused to clean up the property and, in fact, did not respond to the City's various notice requests. Because of Roell's failure to respond to the citations, the City authorized a physical clean-up of the property located at 419 S. Garden in February 1993.

Prior to the clean-up, several of the City's enforcement specialists and the contractor hired to perform the clean-up inspected the items in the yard at 419 S. Garden and determined which items were "litter" and "junk" that should be removed and which items should remain. The enforcement specialists instructed the contractor not to remove any titled vehicle, any motorcycles, a cushman scooter, a water craft, and several lawn mowers. On February 5, 1993, the City notified Roell of the pending clean-up and instructed Roell "to remove or dispose of the offending weeds, grasses, debris, garbage, litter, rubbish or refuse" and further urged Roell "to remove all items of value." Roell again did nothing, and, on April 27, 1993, the contractor removed from Roell's property those items that the City believed to have no value. Specifically, the contractor removed lawn mowers that were in pieces, bike parts, bike tires, a rusty oil barrel, more than sixty automobile tires, various construction materials, and broken tree limbs. All complete mowers and bicycles were left on the property.

Roell subsequently filed this action for trespass and conversion, alleging that the City had no right to enter his property to do the clean-up and that, in doing so, the City wrongfully had taken more than $10,000 of Roell's personal property. The City filed a motion for summary judgment. Despite the fact that there was at least some indication in the record that Roell maintained that the property had value, the district court concluded that the items removed were litter, that the City had authority to remove the litter if Roell refused, and that there was no basis for Roell's trespass and conversion actions. Roell now appeals that decision, arguing that a material issue of fact exists regarding whether the items removed from Roell's yard constituted "litter, junk, or garbage" within the definitions found in the Boise City Code and whether the City had authority to remove the items. We agree that a material issue of fact exists and conclude that summary judgment was improper.

## II.

## ISSUES ON APPEAL

### A. Standard of Review

■ Our review of a district court's ruling on a motion for summary judgment is the same as that required of the district court when ruling on the motion. *Friel v. Boise City Hous. Auth.*, 126 Idaho 484, 887 P.2d 29 (1994). Pursuant to I.R.C.P. 56(c), summary judgment must be entered when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). As when the motion initially is considered by the district court, this Court, on review, liberally construes the record in the light most favorable to the party opposing the motion and draws all reasonable inferences and conclusions in that party's favor. *Farm Credit Bank of Spokane v. Stevenson*, 125 Idaho 270, 869 P.2d 1365 (1994). If we determine that reasonable people could reach different conclusions or draw conflicting inferences from the evidence, we will deny the motion. *Stevenson*, 125 Idaho at 272, 869

---

1. Although the City has cited Roell for violations with respect to the property located at 414 S. Garden, the property located at 414 S. Garden is not at issue in this appeal.

P.2d at 1367. However, if the evidence reveals no disputed issues of material fact, only a question of law remains, and this Court exercises free review. *Id.* at 272, 869 P.2d at 1367.

## B. Material Issues Of Fact Exist

Roell claims that a jury, not the City, should have determined whether the items on his property were litter, junk, or garbage within the meaning of the litter ordinance and whether his property was a nuisance within the meaning of the nuisance ordinance. We note that Roell did not present argument that the City did not follow its own ordinances nor that the ordinances, themselves, are defective or unconstitutional. Thus, the only challenge on appeal is that the City did not have authority under the ordinances or state statutes to take the action that it did.

The litter ordinance of the Boise City Code defines "litter" as:

> Garbage, refuse, and rubbish as herein defined and junk and all other waste or discarded materials and substances including, but not excluding by enumeration, paper, bottles, glass, nails, tacks, hoops, cans, wire (barbed or otherwise), building materials (lumber, boards, plasterboard, mortar, insulation, sheet metal, plumbing materials and fixtures, electrical materials and fixtures, water and gas materials and fixtures, sand and gravel, and roofing and siding materials), automobile bodies including the parts and components thereof, and tires.

Boise City Code § 6–16–1(C). The ordinance separately provides that "debris" is "[t]he remains, fragments, pieces or parts of something broken down, damaged or destroyed." Boise City Code § 6–16–1(A). Unlike the litter ordinance, the City's nuisance ordinance does not define junk, trash, garbage, or refuse.

■ Under state statute and city ordinance, the City clearly had the authority to control litter and nuisances occurring within the city limits. *See* I.C. § 50–317 (empowering cities to remove litter from private property); I.C. § 50–334 (empowering cities to abate nuisances); Boise City Code § 6–16–14 (addressing litter); and Boise City Code § 8–8–2 (addressing nuisances). However, neither the City's litter ordinance nor the City's nuisance ordinance directly specifies who is responsible for determining whether certain personal property falls within the definition of debris or litter. As part of the litter and nuisance ordinances, the City certainly may make the determination of whether certain items fall within the definition of "litter" or "debris" that should be removed from property within city limits. Furthermore, under *Beco Construction Co. v. City of Idaho Falls,* 124 Idaho 859, 862, 865 P.2d 950, 953 (1993), the City is entitled to exercise discretion in making that determination, but the City remains subject to an abuse of discretion challenge. Thus, in making the determination that certain items are litter or trash that should be removed from private property, the City runs the risk of being sued for taking property of value from the property owner.

■ In the present case, we have determined that a material issue of fact exists regarding whether the items removed from Roell's property were, indeed, trash, garbage, or litter within the meaning of the ordinance. Roell's affidavit and deposition at least raise a genuine issue of material fact because he indicates that he intended to use the items and they were not discarded. Thus, we hold that the district court erred when it granted summary judgment.

## C. Attorney's Fees

Roell additionally argued on appeal that the City waived its right to collect costs and attorney's fees, as awarded in the district court's order granting summary judgment, because the City failed to make a timely request. Because of our decision to remand the case, it is unnecessary to address this issue.

## III.

## CONCLUSION

We vacate the district court's grant of summary judgment and remand the case to

the district court for further proceedings consistent with this opinion. Costs on appeal to Roell.

JOHNSON, McDEVITT, SILAK and SCHROEDER JJ., concur.