941 P.2d 357

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Susan F. FOX, Defendant–Appellant.**

No. 22837.

Court of Appeals of Idaho.

June 16, 1997.

David H. Leroy, Boise, argued for appellant.

Hon. Alan G. Lance, Attorney General; L. LaMont Anderson, Deputy Attorney General, Boise, for respondent. L. LaMont Anderson argued.

PERRY, Judge.

Susan F. Fox appeals from her judgment of conviction for second degree arson. On appeal, Fox alleges that the arson statute, I.C. § 18–803, is unconstitutionally vague and overbroad, that two of the prosecution witnesses were biased because of financial arrangements with an insurer of the property in question and that the evidence was insufficient to support the guilty verdict. We affirm.

## I.

### FACTS AND PROCEDURE

In the early morning hours of August 24, 1994, a fire damaged portions of the building housing a business known as "It's Furniture." After an investigation, Susan F. Fox, the owner of It's Furniture, was charged with second degree arson.

At trial, one of the fire investigators testified that the fire was incendiary in origin, pointing to arson. He testified that there were five separate points of origin of the fire: one on the ceiling caused by a halogen lamp; three in the chases or gaps in the walls; and one on the floor where it appeared that flammable liquid was poured on the carpet toward the wall where the fire began. The investigator also testified that each of the points of origin had been started at a different time, that the five separate fires never "communicated" or met, and that there were holes in the walls through which paper and dried vegetation had fallen or been dropped. On cross-examination, both of the fire investigators admitted that they had a financial relationship with Mutual of Enumclaw, the insurer of It's Furniture, and that they had done private work for the company in the past and continued to work for the company, though not with respect to the fire at It's Furniture. In her defense, Fox testified that she did not intentionally start the fire, but admitted that she had left the halogen lamp

on in the building and had placed it near the ceiling.

At the close of the state's case, Fox moved for a dismissal based on I.C.R. 48, arguing that the ends of justice required dismissal and claiming that Fox's due process rights had been violated because of the conflict of interest of the two fire investigators. This motion was denied. Fox also moved for a judgment of acquittal based on I.C.R. 29 and for an advisory jury instruction to acquit under I.C. § 19–2123. Both of these motions were denied.

The jury found Fox guilty of second degree arson. Fox now appeals, alleging that I.C. § 18–803 is constitutionally void for vagueness and overbreadth, that the conflict of interest of the investigators warranted the entry of a dismissal, that the district court erred in failing to grant Fox's motion for judgment of acquittal, and that the district court erred by refusing to give an instruction to the jury requiring an acquittal.

## II.

## ANALYSIS

### A. Constitutionality of Idaho Code Section 18–803

▮ Fox first alleges that I.C. § 18–803 is constitutionally invalid because it is vague and overbroad. Idaho Code Section 18–803 reads:

> **Arson in the second degree—Burning of a structure—Penalties.**—Any person who willfully and unlawfully, by fire or explosion, damages any structure, whether the property of the actor or another, not included or described in the preceding section, is guilty of arson in the second degree, and upon conviction thereof shall be sentenced to the custody of the department of correction for not more than fifteen (15) years or fined not more than seventy-five thousand dollars ($75,000) or both.

Fox claims that the statute is made unconstitutionally vague and overbroad by the 1993 revision to the statute, which replaced the word "maliciously" with "unlawfully." 1993 Idaho Sess. Laws, ch. 107, § 5, p. 275.

▮ Although we acknowledge that several courts in other jurisdictions have held similar statutes unconstitutional, *see e.g. People v. Wick,* 121 Ill.App.3d 94, 76 Ill.Dec. 587, 458 N.E.2d 1387 (1984); *State v. Dennis,* 80 N.M. 262, 454 P.2d 276 (App.1969); *State v. Spino,* 61 Wash.2d 246, 377 P.2d 868 (1963), this issue was not properly raised below. Constitutional issues generally will not be considered by an appellate court if raised for the first time on appeal. *State v. McAway,* 127 Idaho 54, 60, 896 P.2d 962, 968 (1995). Failure to raise such an issue below is a waiver of the right to raise the issue on appeal. *Whitehawk v. State,* 119 Idaho 168, 170, 804 P.2d 341, 343 (Ct.App.1991); *see also State v. Fodge,* 121 Idaho 192, 195, 824 P.2d 123, 126 (1992); *Sanchez v. Arave,* 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Fox failed to raise this matter before the trial court through any motion to dismiss or other pretrial procedure. Because the issue was never before the lower court, we refuse to consider it on appeal.

Fox argues that her other motions, including the motion to dismiss based on the "ends of justice," her motion for judgment of acquittal, her motion for a new trial and her motion for an advisory jury instruction to acquit, all "foreshadowed" her constitutional objections to the statute. We find this argument unpersuasive, as the trial court was never given the opportunity to consider, and rule upon, the constitutionality of I.C. § 18–803.

### B. Conflict of Interest of Investigators

▮ Fox asserts that her motion to dismiss for violation of her due process rights, which was based in part upon the perceived conflict of interest of the two fire investigators, was erroneously denied. She claims that because the two investigators had private, financial dealings with the insurer of It's Furniture, Mutual of Enumclaw, the case should have been dismissed.

Fox concedes that this issue has never before been addressed by an appellate court in Idaho. The cases that are offered in support of Fox's position from other jurisdictions deal exclusively with the employment

relationships between governmental entities and their employees, not with the dismissal of criminal charges because of a conflict of interest of an investigating agent of the government, whether a police officer, fire investigator or otherwise.

While we may agree that such a conflict of interest is a potential cause of bias in witnesses testifying at criminal trials, we do not agree that the appropriate remedy in this case is dismissal of criminal charges. In this instance, the potential bias was adequately addressed through the opportunity to cross-examine the witnesses regarding conflicts of interest and to cast doubt on the credibility of the witnesses through admission of evidence establishing the bias.

In this case, counsel for Fox explored on cross-examination the relationship between the fire investigators and the insurer. During closing argument, counsel for Fox argued that the investigation and testimony by the investigators was biased because of their arrangements with the insurance company. We believe that bringing this possible bias to the attention of the jury was appropriate but that a dismissal of the charges brought against Fox based upon the possible bias was not warranted. Therefore, the district court did not err in denying the motion to dismiss.

## C. Sufficiency of the Evidence

■ Fox argues that the evidence was insufficient to support the verdict and that the district court erred by failing to direct the jury to enter an acquittal. As part of this argument, Fox claims that a plausible alternate explanation was given and that, based on this evidence, the jury should have been directed to enter an acquittal.

Following the close of evidence, the jury was given the following instruction:

You cannot find the defendant guilty of the offense charged herein unless the circumstances proved by the evidence are consistent with the theory that the defendant is guilty and they cannot be reconciled with any rational theory of the defendant's innocence. If the evidence is susceptible of two reasonable interpretations, one of which points to the defendant's guilt and the other to the defendant's innocence, it is your duty to adopt that interpretation which points to the defendant's innocence, and to reject the other which points to the defendant's guilt.

This instruction is consistent with the Idaho Supreme Court's holding in *State v. Holder*, 100 Idaho 129, 594 P.2d 639 (1979), that in cases where guilt is proven solely by circumstantial evidence, the evidence must be sufficient to exclude every reasonable hypothesis other than the guilt of the defendant. *Id.* at 133, 594 P.2d at 643.

However, the Supreme Court, in *State v. Randles*, 117 Idaho 344, 787 P.2d 1152 (1990), rejected applying *Holder* as an appellate review standard, finding:

To require the court at the appellate level to evaluate whether the evidence suggests any reasonable hypothesis which is consistent with the innocence of a defendant already convicted by a jury would be an impermissible usurpation of the role of the trier of fact. Therefore, we hold that the language of the *Holder* instruction is to be applied only at the trial level, and is not an appellate standard of review.

*Randles*, 117 Idaho at 350, 787 P.2d at 1158. Instead, the appellate standard of review for such a situation is to determine whether a *Holder* instruction was properly given and whether the record before the jury contained substantial and competent evidence upon which the jury could base its conclusion. *Id.*

At the trial, there was a great deal of testimony regarding the actions of Fox and the probable causes of the fire, as well as testimony regarding the financial condition of the business. Fox testified that she did not intentionally start the fire and offered several witnesses in support of her claim. There was sufficient, albeit conflicting, evidence upon which a jury could base a finding of guilt.

## III.

## CONCLUSION

The district court was never given the opportunity to address the constitutionality of I.C. § 18–803 and, hence, we refuse to

consider the issue on appeal. The district court did not err in denying the motion for dismissal based upon the alleged bias of the fire investigators. The evidence presented at trial was sufficient to support a finding of guilt. The district court did not err in refusing to give an instruction directing an acquittal. Fox's judgment of conviction for second degree arson is affirmed.

WALTERS, C.J. and LANSING, J., concur.