**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 46094**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | |
| | ) | **Boise, November 2019 Term** |
| Plaintiff-Respondent, | ) | |
| | ) | **Opinion Filed: June 25, 2020** |
| v. | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| **BRITIAN LEE BARR,** | ) | |
| | ) | **AMENDED OPINION** |
| Defendant-Appellant. | ) | **THE COURT'S PRIOR** |
| | ) | **OPINION DATED MAY 14,** |
| | ) | **2020 IS HEREBY AMENDED** |

Appeal from the District Court of the Fourth Judicial District of the
State of Idaho, Ada County. Samuel A. Hoagland, District Judge.

The decision of the district court is affirmed.

Eric D. Fredericksen, Idaho State Appellate Public Defender, Boise,
attorney for Appellant. Kimberly A. Coster argued.

Lawrence G. Wasden, Idaho Attorney General, Boise, attorney for
Respondent. Kale D. Gans argued.

_____

BEVAN, Justice

## I. NATURE OF THE CASE

This case is about whether a district court has any sentencing discretion under Idaho Code section 19-2520G, a statute which provides for a mandatory minimum sentence of fifteen years for repeat violations of certain sex offenses. Britain Lee Barr pleaded guilty to five counts of sexual exploitation of a child and to being a repeat sex offender. The district court sentenced Barr to five, fifteen-year fixed sentences, to run consecutively to each other, for an aggregate determinate term of seventy-five years, reasoning that section 19-2520G left it no discretion to sentence Barr to anything less severe. On appeal Barr argues that the district court abused its discretion when it failed to perceive that it had discretion to: (1) designate indeterminate and determinate portions of the mandatory fifteen-year sentences; and (2) run the sentences concurrently with one another rather than consecutively. Barr also claims that if the legislature

1

intended section 19-2520G to deprive the court of its traditional power to decide whether to run sentences consecutively or concurrently, the statute is unconstitutional.

Even so, Barr never took a position below on whether the district court had discretion to impose a lesser sentence, nor did he raise an issue over section 19-2520G's constitutionality; thus, Barr's arguments were not properly preserved for appeal. We therefore affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In March 2017, detectives found hundreds of photos and videos of child pornography on Barr's laptop, cell phones, and computer storage devices. Barr admitted to officers he had been downloading child pornography. Based on the recovered videos, Barr was charged by Information with five felony counts of sexual exploitation of a child. The State also filed an Information Part II alleging that Barr had been convicted of possessing child pornography, he was a repeat sex offender, and thus was subject to the mandatory minimum sentence provisions in Idaho Code section 19-2520G. The State later filed a second case charging Barr with more counts of possession of child pornography, and the two cases were consolidated for trial.

At a pretrial hearing the parties proffered a proposed Rule 11 plea agreement to the district court. Both parties agreed, in exchange for Barr's guilty plea to the initial five counts filed against him, the State would dismiss the remaining charges in the latter case. The parties also agreed to a unified sentence of fifty years, with twenty years fixed. The district court raised concerns about the plea agreement, mainly regarding whether the submitted sentence was illegal because it called for the sentences to run concurrently, rather than consecutively, as required under section 19-2520G. The parties both agreed there was some case law that referred to how the sentences for each count needed to run consecutively, but even so, they believed that their proposed sentence was not an illegal one. The district court declined to make any findings or determinations at that point, but continued the hearing for three weeks to explore whether the parties were proposing an illegal sentence as it had been described.

Barr eventually rejected the twenty-year fixed sentence in the proposed Rule 11 plea agreement and the case went to trial. On the second day of trial Barr changed his mind and his counsel informed the court that Barr wanted to plead guilty to five counts of sexual exploitation of a child and the repeat sex offender enhancement, which required "a minimum mandatory 15 years for a total of 75 years minimum for all five counts." In exchange the State agreed to dismiss the second case.

2

After hearing the terms of the plea bargain the district court emphasized that if Barr chose to proceed and plead guilty, each count required a mandatory minimum sentence of fifteen years, to be served consecutively, for a total sentence of seventy-five years fixed. The judge explained that he "virtually would have no discretion in the final sentence because of the Information Part Two" and he lacked the ability to "reduce the sentence or make it run concurrently or anything like that." Barr stated that he understood.

With the consent of both parties, the district court dispensed with ordering an updated presentence investigation report, a psychosexual evaluation, mental health evaluation, or any other evaluation, again stating its belief that it had no sentencing discretion here, and proceeded directly to sentencing. The State requested the seventy-five years spelled out by Idaho Code section 19-2520G. Defense counsel did not object and recognized Barr was "going to prison for essentially the rest of his life" but expressed how remorseful Barr was, stating "not having the ability to argue for less or anything like that, I think he just wanted that out in the open."

Ultimately, the district court sentenced Barr to five fifteen-year fixed sentences to be served consecutively, leading to a final sentence of seventy-five years fixed imprisonment. The district court stated:

> The sentence in this case – I do think it would be possible for me to fashion a sentence that was not as severe if I had the discretion to do so, but I don't have that discretion and I can only assume by virtue that the law that we have is based upon a fundamental finding that Mr. Barr and other defendants in similar circumstance are a danger to the community and must be imprisoned for the safety of the community and/or to serve the objectives of punishment or retribution. And finally to whatever effect it might have to that general deterrence; that is, sending a message to others that this is what could happen.

Barr signed a guilty plea advisory form acknowledging that he was subject to a fifteen-year mandatory minimum sentence on each count for seventy-five years determinate, and the district court entered a judgment of conviction to that effect. Barr timely appealed.

### III. STANDARD OF REVIEW

Sentencing decisions are reviewed under the abuse of discretion standard. *State v. McIntosh*, 160 Idaho 1, 8, 368 P.3d 621, 628 (2016). When this Court reviews an alleged abuse of discretion, the inquiry requires consideration of four essentials to determine whether the trial court:

(1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason.

*State v. Le Veque*, 164 Idaho 110, 113, 426 P.3d 461, 464 (2018) (quoting *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018)). When a district court does "not recognize the scope of its discretion," Idaho's appellate courts have "remand[ed] to allow the district court to reconsider the motion to correct the illegal sentences with knowledge of the full scope of its discretion. *State v. Villavicencio*, 159 Idaho 430, 437, 362 P.3d 1, 8 (Ct. App. 2015).

This Court exercises free review over statutory interpretation because it is a question of law. *State v. Lantis*, 165 Idaho 427, 429, 447 P.3d 875, 877 (2019) (citing *State v. Dunlap*, 155 Idaho 345, 361, 313 P.3d 1, 17 (2013)).

## IV. ANALYSIS

### Barr Failed To Preserve His Arguments For Appeal.

On appeal, Barr argues that the district court misinterpreted Idaho Code section 19-2520G and abused its discretion by failing to perceive that it had discretion to: (1) order indeterminate and determinate portions of Barr's five fifteen-year sentences, and (2) run his sentences concurrently with one another. Barr also asserts that if the legislature intended section 19-2520G(3) to deprive the court of its traditional power to determine whether to run a sentence consecutively, then the statute is unconstitutional.

The State counters that if any error occurred below, Barr invited it by inducing and acquiescing in the district court's conclusion that the five fifteen-year sentences had to be consecutive and fixed. As a result, the State argues that Barr's claims on appeal are estopped by the invited error doctrine. "The invited error doctrine precludes a criminal defendant from 'consciously' inviting district court action and then successfully claiming those actions are erroneous on appeal." *State v. Hall*, 163 Idaho 744, 771, 419 P.3d 1042, 1069 (2018) (quoting *State v. Abdullah*, 158 Idaho 386, 420, 348 P.3d 1, 35 (2015)).

The State's position is in the right vicinity, but ultimately misses the mark. The purpose of the invited error doctrine is to prevent a party who caused or played an important role in prompting a trial court to take action, from later challenging that decision on appeal. *See State v. Blake*, 133 Idaho 237, 240, 985 P.2d 117, 120 (1999) ("the invited error doctrine is to prevent a party who caused or played an important role in prompting a trial court to give or not give an

4

instruction from later challenging that decision on appeal."). A review of the record reveals that Barr never took a position one way or the other on whether the district court had discretion to impose a lesser sentence or run the sentences concurrently; thus, he did not urge the court to take action, nor did he play an important role in prompting the court to give the sentence it did. Simply acquiescing in the district court's stated conclusion regarding the statute is not enough to preclude Barr from asserting his challenge to the sentence based on invited error.

That said, both before and during sentencing the district court made several comments that it believed it lacked discretion to impose a lesser sentence, providing Barr with several opportunities to raise any issues related to the district court's conclusion. But, Barr never made, nor did the district court rule on, any motion or objection about its sentencing discretion—or lack thereof—under section 19-2520G. To have properly preserved the issue for appeal, Barr had to take a position with respect to whether the district court had discretion to impose a lesser sentence. To state an arguable claim on appeal, "both the issue and the party's position on the issue must be raised before the trial court for it to be properly preserved . . . ." *State v. Gonzalez*, 165 Idaho 95, 99, 439 P.3d 1267, 1271 (2019). "[A]n appellant may polish an argument made at the district court as long as he is putting forth the same legal issue and same position on the issue. *State v. Bodenbach*, 165 Idaho 577, 584, 448 P.3d 1005, 1012 (2019). Barr had an obligation to take a legal position in order to preserve this issue for appeal. He failed to do so. We thus hold that Barr is precluded from now arguing the district court had discretion to impose a lesser sentence.

Barr also argues on appeal that the judiciary has inherent, exclusive discretion to determine whether a sentence will run consecutively or concurrently; as such, if the legislature intended section 19-2520G(3) to deprive the court of these traditional powers by requiring sentences be served consecutively, then this Court should conclude that the statute exceeds the legislature's limited constitutional authority. However, once again, Barr did not argue that section 19-2520G is unconstitutional before the district court. In general, constitutional issues will not be considered if raised for the first time on appeal. *Roell v. Boise City*, 134 Idaho 214, 216, 999 P.2d 251, 253 (2000) (citing *State v. Fox*, 130 Idaho 385, 387, 941 P.2d 357, 359 (1997)). "Failure to properly raise such an issue below is a waiver of the right to raise the issue on appeal." *Id*. However, "[o]n occasion we have allowed an issue that was not formally raised below to be considered on appeal when the issue was implicitly before the lower tribunal, and

was considered and passed on by that tribunal." *Northcutt v. Sun Valley Co.*, 117 Idaho 351, 357, 787 P.2d 1159, 1165 (1990) (quoting *Manookian v. Blaine County,* 112 Idaho 697, 700, 735 P.2d 1008, 1011 (1987)); s*ee also State v. DuValt*, 131 Idaho 550, 553, 961 P.2d 641, 644 (1998) (citing *Northcutt* for the proposition that this Court has recognized that an exception to the waiver rule exists when the issue has been ruled on by the trial court, even if not expressly raised by the parties).

Barr claims that his constitutional separation of powers argument is properly before us because the issue was raised and decided by the district court during sentencing based on the following statements the court made about mandatory minimum sentencing laws:

> Those laws are passed by the legislature to essentially usurp the court's ability to impose a sentence that fits both the crime and the criminal. The legislature with a sweeping statute has decided that everybody convicted of the same offenses should be given the same punishment without allowing the judges to weigh the pros and cons, the benefits and detriments, the costs in all regards and in all respects. I personally I [sic] think that's a violation of constitutional power of judges and the judicial branch of government, but I think those issues have been litigated and the judiciary at higher levels have concluded that mandatory minimum sentencing laws are not a violation of the power – separation of powers doctrine within our constitutions.

While the district judge expressed his personal opinions and frustrations with mandatory minimum sentencing laws, the issue was not before the district court; it never heard arguments from the parties or issued a *ruling* on whether section 19-2520G was unconstitutional[1]. Even if these comments constituted a ruling, Barr did not raise the issue or take the position that section 19-2520G was unconstitutional. Therefore, the exception does not apply. As discussed above, "both the issue and the party's position on the issue must be raised before the trial court for it to be properly preserved for appeal." *Gonzalez*, 165 Idaho at 99, 439 P.3d at 1271. Thus, we will not consider Barr's constitutional argument on appeal.

### V. CONCLUSION

Given the foregoing, the decision of the district court is affirmed.

Chief Justice BURDICK, Justices BRODY, STEGNER and MOELLER, CONCUR.

---

[1] Nothing in this opinion should be construed to limit Barr's right to challenge the legality of his sentence under I.C.R. 35(a).