**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49424**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: January 31, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| NATHANIEL LABBEE, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Javier L. Gabiola, District Judge.

Judgment of conviction and unified sentence of seventeen years, with a minimum period of confinement of ten years, for lewd conduct with a child under sixteen years, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Chief Judge

Nathaniel Labbee appeals from his judgment of conviction and unified sentence of seventeen years, with a minimum period of confinement of ten years, for lewd conduct with a child under sixteen years. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

1

Upon receiving reports that Labbee had genital-to-genital contact with a one-year-old female and genital-to-anal contact with a four-year-old male,[1] the State charged Labbee with two counts of lewd conduct with a child under sixteen years. I.C. § 18-1508. Although initially under the jurisdiction of a juvenile court, the juvenile court waived jurisdiction to allow Labbee to be tried as an adult and denied a motion to dismiss filed by Labbee. He appealed these decisions and the Idaho Supreme Court affirmed. *See State v. Doe (2020-24)*, 168 Idaho 389, 483 P.3d 932 (2020).

After the resolution of his first appeal, Labbee entered into a binding I.C.R. 11 plea agreement with the State. According to the terms of the plea agreement, Labbee would plead guilty to one count, the State would dismiss the remaining count, and Labbee would receive a withheld judgment with a four-year period of probation. The plea agreement also required Labbee to complete a psychosexual evaluation and a polygraph. Based on this agreement, Labbee entered a guilty plea to one count of lewd conduct with a child under sixteen years and the other count was dismissed.

According to the psychosexual evaluation, the polygraph report[2] noted that Labbee's "reaction [was] consistent with deception" and that the polygraphist "concluded that [Labbee] should be regarded as deceptive to the tested issues." (Bolding omitted). After reviewing Labbee's psychosexual evaluation and polygraph, the district court informed the parties that it would reject the I.C.R. 11 plea agreement.

Two days before the sentencing hearing, Labbee filed a motion to continue in order to obtain a second polygraph. In his motion, Labbee represented that he had a second polygraph scheduled four days after the sentencing hearing. After receiving a written objection from the

---

[1]     Labbee's relationship to the victims is unclear. On appeal, the parties describe both victims as Labbee's siblings. At times in the police reports, the victims are described as Labbee's siblings. However, the psychosexual evaluation notes Labbee represented that the victims are both his step-siblings. Consistent with this, the district court at sentencing referred to the male victim as Labbee's "stepbrother." Adding to the lack of clarity, Labbee's father testified that he is "the father of both the defendant as well as the victims," which could indicate that the victims are at least half-siblings of Labbee. Finally, the magistrate court, in its ordering waiving jurisdiction, describes both victims as Labbee's half-siblings.

[2]     The polygraph report is not in the appellate record.

2

State, the district court denied Labbee's motion to continue. At the beginning of the sentencing hearing, the district court allowed Labbee to present additional argument on his motion to continue. The district court again denied Labbee's motion.

After denying Labbee's motion, the district court reiterated its rejection of the I.C.R. 11 plea agreement. The district court gave Labbee an opportunity to withdraw his guilty plea, but he declined to do so. The district court imposed a unified sentence of seventeen years, with a minimum period of confinement of ten years, for one count of lewd conduct with a child under sixteen years. Labbee appeals.

## II.

## STANDARD OF REVIEW

The decision to grant a motion for a continuance rests within the sound discretion of the trial court. *State v. Ransom*, 124 Idaho 703, 706, 864 P.2d 149, 152 (1993). Sentencing decisions are also reviewed for an abuse of discretion. *State v. Barr*, 166 Idaho 783, 785, 463 P.3d 1286, 1288 (2020). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Labbee asserts that the district court erred by not continuing the sentencing hearing to allow him to obtain a second "non-deceptive polygraph"[3] and by imposing an excessive sentence. The State responds that the district court properly denied Labbee's motion to continue the sentencing hearing and imposed a reasonable sentence. We hold that Labbee has failed to show the district court abused its discretion in denying his motion to continue the sentencing hearing or in imposing sentence.

---

[3]     Nothing in the record supports Labbee's assertion that a second polygraph would necessarily be "non-deceptive."

**A. Motion to Continue Sentencing Hearing**

Labbee asserts that the district court acted unreasonably and should have continued the sentencing hearing to allow him "to obtain a non-deceptive polygraph report" because it was "so important to the district court's sentencing decision" and the delay would have been brief. The State responds that the district court exercised reason in denying Labbee's motion to continue because Labbee had sufficient time prior to the sentencing hearing to obtain a second polygraph. The State also responds that Labbee has failed to show that the denial of his motion to continue prejudiced one of his substantial rights. The district court did not abuse its discretion in denying Labbee's motion to continue.

A defendant's failure to act in a timely manner to obtain information may factor into a decision on a motion to continue. *See, e.g.*, *State v. Ward*, 98 Idaho 571, 574, 569 P.2d 916, 919 (1977) (holding that trial court did not err in denying motion to continue trial in part because defendant "had more than seven months within which to request the evidence in order to run the tests which were allegedly essential to defendant's case"); *State v. Griffith*, 144 Idaho 356, 361, 161 P.3d 675, 680 (Ct. App. 2007) (holding that trial court did not err in denying motion to continue trial in part because the defendant "waited for the issue to develop mere days before trial and then sought a continuance, primarily based on an unsubstantiated assertion of unfair surprise"); *State v. Dopp*, 129 Idaho 597, 610, 930 P.2d 1039, 1052 (Ct. App. 1996) (holding that trial court did not err in denying motion to continue sentencing hearing when defendant made the motion on the day of the hearing and the trial court found that defendant failed to show "that there has been any impossibility on the part of the defendant to get [the] information").

At the sentencing hearing, Labbee's counsel represented that he had not received a copy of the original polygraph report until the day before. The record, however, shows that the psychosexual evaluation contained information from the polygraph report. The psychosexual evaluation was filed on November 26, 2021, approximately two months before the sentencing hearing. Four days later, on November 30, 2021, the district court held a telephonic meeting with the parties in which they discussed the psychosexual evaluation, including information from the polygraph conducted in conjunction with the psychosexual evaluation. By at least this time, Labbee's counsel was aware of the relevant portions of the polygraph. The sentencing hearing was held on January 13, 2022. Thus, Labbee had at least six weeks to obtain a second polygraph.

4

Despite being aware of the relevant portions of the polygraph, Labbee waited until two days before the sentencing hearing to request a continuance for the purpose of obtaining a second polygraph that he believed would be more favorable. Labbee provided no details regarding his attempts to schedule the second polygraph, including when he first attempted to schedule it or what difficulties he may have had in getting it scheduled prior to the sentencing hearing. Based on these facts, we cannot say the district court failed to exercise reason in denying Labbee's motion to continue.

In addition, we hold that Labbee has failed to show prejudice to a substantial right. Generally, the denial of a request for a continuance is not an abuse of discretion absent a showing that the defendant's substantial rights have been prejudiced. *State v. Laws*, 94 Idaho 200, 202, 485 P.2d 144, 146 (1971). A mere claim that additional investigation or testing could have been conducted is not sufficient to show prejudice. *State v. Hawkins*, 131 Idaho 396, 405, 958 P.2d 22, 31 (Ct. App. 1998). At the sentencing hearing, Labbee represented that he was "not looking for something to supplant" the first polygraph but, instead, he was "just trying to get more information." According to Labbee, he wanted the second polygraph "to go into more details about [certain] questions" asked in the first polygraph. Labbee, however, did not identify what those details were or what his responses would have been. Further, both in his written motion and in his oral argument to the district court, Labbee represented that he had scheduled a second polygraph to take place four days after the sentencing hearing. The record does not indicate whether this second polygraph actually occurred but, if it did, Labbee has failed to enter into the record any of the results. If prejudice cannot be shown from the record as it existed at the time of a hearing, it is critical for a defendant to provide additional evidence via a post-hearing submission.[4] *See Hawkins*, 131 Idaho at 406, 958 P.2d at 32. Because Labbee has failed to show prejudice to a substantial right, he has failed to show the district court erred in denying his motion to continue the sentencing hearing.

## B.      Sentence Review

Labbee asserts that his sentence is excessive. Specifically, Labbee notes that he was in his "mid-teens" when he committed the "acts alleged by the State," was found amenable for treatment

---

[4]      For example, as the State notes, if Labbee obtained a second, more favorable polygraph, he could have submitted the results of such in support of an I.C.R. 35 motion.

and a good candidate for probation, had a "horrible childhood," and has multiple mental health diagnoses. Labbee also notes that, despite his challenges, he obtained employment, got married, and has a good relationship with his mother. The State contends that the sentence imposed is reasonable given Labbee's risk to the public and the serious nature of both the crime he pled guilty to and the alleged conduct underlying the dismissed count.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

## IV.

## CONCLUSION

Labbee has failed to show that the district court erred in denying his motion to continue the sentencing hearing or that his sentence is excessive. Accordingly, Labbee's judgment of conviction and unified sentence of seventeen years, with a minimum period of confinement of ten years, for lewd conduct with a child under sixteen years is affirmed.

Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.

6